UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MISTY L.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C22-5892-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinions, her testimony, and the lay evidence.[1] (Dkt. # 9 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1976; has an 11th-grade education, a GED, and training as a nursing

---

[1] Plaintiff also argues that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings (dkt. # 9 at 15-16), but these derivative errors need not be addressed separately.

ORDER - 1

assistant; and has worked as an in-home caregiver and caregiver at an adult family home. AR at 48, 235, 247. Plaintiff was last gainfully employed in 2016. *Id.* at 235.

In May 2019, Plaintiff applied for benefits, with an amended alleged onset date of May 24, 2019. AR at 54, 206-12. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 103-13. After the ALJ conducted a hearing in July 2021 (*id.* at 43-64), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 20-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

ORDER - 2

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Erred in Assessing the Medical Opinion Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). In this case, Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the Court will address in turn.

#### 1.    State Agency Opinions

The State agency medical consultants found Plaintiff capable of performing light work with certain postural and environmental limitations, at the initial and reconsideration levels of review. *See* AR at 66-79, 81-96. The ALJ found these opinions persuasive (*id*. at 30-31), but Plaintiff argues that the opinions should not have been found persuasive because the consultants did not account for her fatigue. (Dkt. # 9 at 8.) The consultants acknowledged Plaintiff's fatigue, however, and it is not clear that their opinion does not account for that symptom. *See* AR at 66, 70-72, 87, 89. Accordingly, by merely positing an alternative reading of the opinions, Plaintiff has failed to establish harmful legal error in the ALJ's assessment of those opinions.

At the initial level, the State agency psychological consultant found Plaintiff capable of performing simple, complex, and detailed tasks, and also found her capable of adapting to routine, low-pressure work settings and travel, capable of recognizing and responding to hazards,

and capable of following goals set by others. AR at 75-77. On reconsideration, the State agency consultant limited Plaintiff to simple and detailed (but not complex) tasks, and indicated that she must avoid frequent public contact, but could work superficially around the public, supervisors, and co-workers. *Id*. at 92-93. The reconsideration consultant also found that Plaintiff required a routine work environment and that she could follow plans and goals established by others. *Id*. The ALJ found these opinions persuasive because they were well-supported and generally consistent with the record as a whole. *Id*. at 31-32.

Plaintiff argues that although the ALJ found these opinions persuasive, the ALJ erred in failing to include all of the limitations the consultants identified in the RFC assessment. (Dkt. # 9 at 7-8.) Indeed, the ALJ's RFC assessment does not include any adaptation or goal-setting limitations. *See* AR at 24-25. Because the ALJ purported to find the State agency opinions persuasive and yet did not incorporate all of the limitations identified in those opinions, the ALJ's RFC assessment is erroneous and the vocational expert's ("VE's") testimony was rendered in response to a hypothetical that did not include all of Plaintiff's limitations. As such, that testimony has no evidentiary value. *See Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023).

The Commissioner offered no argument that this error is harmless (dkt. # 12 at 15-16), and such an argument would, in any event, require VE testimony regarding the adaptation and goal-setting requirements of the jobs identified at step five, which was not elicited at the hearing. Because the ALJ omitted credited limitations from the RFC assessment, this matter must be

ORDER - 4

remanded to allow the ALJ to include those limitations in the RFC assessment and VE hypothetical.[2]

2.  *Guito Wingfield, M.D.*

Dr. Wingfield examined Plaintiff in August 2019 and wrote a narrative report describing her physical symptoms and limitations, namely her ability to perform light work with some postural, manipulative, and environmental limitations. AR at 778-82. The ALJ found Dr. Wingfield's opinion partially persuasive because it was supported by his examination findings, but the ALJ also found that it was not consistent with the record as a whole and is "somewhat internally inconsistent." *Id*. at 32.

Plaintiff argues that because Dr. Wingfield's limitations failed to account for Plaintiff's fatigue, it was not entitled to any weight. (Dkt. # 9 at 5.) Plaintiff has failed to show that this alternative interpretation of Dr. Wingfield's opinion is the only reasonable reading, or that the ALJ's interpretation is unreasonable. Plaintiff did report some fatigue to Dr. Wingfield, as noted in his opinion (AR at 778-79, 781), but it is not clear that Dr. Wingfield failed to account for that fatigue when describing Plaintiff's limitations. For these reasons, Plaintiff has failed to establish harmful error in the ALJ's assessment of Dr. Wingfield's opinion.[3]

//

---

[2] Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 9 at 16-17), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings.

[3] The Commissioner acknowledged that Dr. Wingfield referenced reaching, handling, fingering, and feeling limitations that the ALJ failed to include in the RFC assessment. (Dkt. # 12 at 14-15.) The Commissioner contends that this error is harmless because the jobs identified at step five do not conflict with these limitations identified in Dr. Wingfield's opinion, but because this case must be remanded on other grounds, the ALJ should address this part of Dr. Wingfield's opinion on remand.

ORDER - 5

### 3. *Kimberly Wheeler, Ph.D.*

Dr. Wheeler examined Plaintiff in March 2019 and completed a DSHS form opinion identifying several disabling mental limitations. AR at 1791-95. The ALJ noted that Dr. Wheeler's examination predates the amended alleged onset date, and cited mental status examinations during the adjudicated period that yielded generally normal findings. *Id*. at 33. Because the ALJ found that Dr. Wheeler's opinion was not well supported and inconsistent with the record as a whole, the ALJ found the opinion unpersuasive. *Id*.

Plaintiff contends that the ALJ's supportability and consistency findings are not supported by substantial evidence. (Dkt. # 9 at 2-3.) The ALJ's supportability finding is indeed unsupported by substantial evidence, because the ALJ himself listed the many abnormal findings included in Dr. Wheeler's opinion report and did not explain how or why these findings do not support Dr. Wheeler's conclusions. *See* AR at 32-33.

This error is harmless, however, because the ALJ's consistency finding is supported by substantial evidence. The ALJ cited generally normal mental status examination findings dating to the adjudicated period, which are inconsistent with the disabling mental limitations identified by Dr. Wheeler. *See* AR at 33 (citing *id*. at 634, 1155, 1874, 1878, 1885, 1895, 1904). Although Plaintiff posits that her symptoms waxed and waned (dkt. # 9 at 4), she does not identify any evidence that supports this interpretation of the evidence and has not shown that the ALJ cherry-picked normal findings. Plaintiff has therefore failed to meet her burden to show harmful legal error in the ALJ's finding that Dr. Wheeler's opinion was inconsistent with the record and finding it unpersuasive on that basis.

//

//

      4.  *Janis Lewis, Ph.D.*

Dr. Lewis reviewed Dr. Wheeler's opinion and other evidence and completed a form opinion identifying disabling mental and physical limitations. AR at 1796-1802. The ALJ found that Dr. Lewis's opinion was unexplained and inconsistent with the record as a whole. *Id*. at 33.

Although Plaintiff argues that the ALJ erred in his assessment of Dr. Lewis's opinion, the Court finds that the ALJ's supportability finding is supported by substantial evidence. Dr. Lewis's opinion does not contain any explanation as to the foundation for the limitations she identified, and she identified the same mental limitations that Dr. Wheeler listed in her opinion. *See* AR at 1791-1802. As explained *supra*, the ALJ did not err in finding Dr. Wheeler's opinion unpersuasive, and thus Dr. Lewis's opinion is likewise unpersuasive due to her reliance on Dr. Wheeler's opinion. Moreover, Dr. Lewis did not explain the basis for her conclusion that Plaintiff's physical limitations were disabling, when many of the functional findings in the record were normal. *See id.* at 34. Accordingly, because the ALJ reasonably found that Dr. Lewis's opinion was unexplained and therefore unsupported, the ALJ did not err in finding it unpersuasive on that basis.

  **B.**  **Plaintiff has Not Identified Harmful Error in the ALJ's Assessment of Her Testimony**

The ALJ summarized Plaintiff's allegations and the medical evidence and explained that he discounted Plaintiff's allegations because: (1) the objective evidence does not corroborate and is inconsistent with the disabling mental and physical limitations alleged by Plaintiff; (2) Plaintiff's treatment for physical and mental conditions has been routine and conservative, and she took a significant gap in mental health therapy from August 2019 to June 2021; and (3) Plaintiff's daily activities (managing self-care, household chores, shopping) are inconsistent with her alleged limitations. AR at 25-30, 33-34. Plaintiff contends that these reasons are not clear and

convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ's assessment of her testimony amounts to a selective summary of the medical evidence, which does not constitute the requisite clear and convincing reasons. (Dkt. # 9 at 9.) The ALJ's assessment of Plaintiff's testimony is organized in an unusual fashion, and the lack of paragraph breaks between the assessment of medical opinions and Plaintiff's testimony obscures the ALJ's intention. *See* AR at 33-34. Nonetheless, Plaintiff's failure to address the part of the ALJ's decision that contains the ALJ's reasons for discounting Plaintiff's testimony is fatal to this assignment of error. The ALJ will have the opportunity, however, to reconsider Plaintiff's allegations in light of the updated record on remand.

**C.    The ALJ Did Not Harmfully Err in Considering Lay Evidence**

The ALJ found that statements provided by Plaintiff's parents were consistent with Plaintiff's allegations and not entirely consistent with the objective medical evidence. AR at 26 (citing *id.* at 263-70, 327-32). The ALJ did not address the reports of an agency facilitator, who recorded her own observations as well as Plaintiff's self-reports. *See id.* at 242, 271, 284.

Under regulations applicable to this case, ALJs are not required to evaluate the persuasiveness of lay statements using the same articulation requirements applicable to medical opinions. *See* 20 C.F.R. § 416.920c(d). Nonetheless, an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

Although Plaintiff argues that the ALJ erred in failing to properly consider the statements of her parents as well as the agency facilitator, the Court finds no harmful error in this regard. The ALJ found that Plaintiff's parents' statements were similar to Plaintiff's own allegations,

ORDER - 8

and Plaintiff has not disputed the similarity. (Dkt. # 9 at 15.) Because the ALJ discounted Plaintiff's allegations, that reasoning applies equally to similar statements. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

Furthermore, the agency facilitator's statements consist primarily of a record of Plaintiff's self-report. *See* AR at 242, 284. To the extent that they record Plaintiff's self-report, the ALJ explained why he discounted Plaintiff's allegations and that reasoning applies to the allegations she reported to the agency facilitator. To the extent that the facilitator recorded her own observations of Plaintiff, such as noting that Plaintiff's physical and mental functioning appeared normal (*id*. at 271) or that she observed Plaintiff's "somewhat slow" gait (*id*. at 242), it is not clear that the ALJ's decision is inconsistent with such observations. Because the ALJ did not reject these parts of the facilitator's statements, no explicit discussion was required.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the State agency psychological consultants' opinions and the manipulative limitations listed in Dr. Wingfield's opinions, and reconsider any other parts of the decision as necessary in light of the updated record on remand.

Dated this 13th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge